NOTICE
Decision filed 04/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 210361-U

NO. 5-21-0361

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff-Appellee, ) | Madison County. |
| ) | |
| v. ) | No. 02-CF-1035 |
| ) | |
| AGGANIS HAYNES, ) | Honorable |
| ) | Janet R. Heflin, |
| Defendant-Appellant. ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The order of the circuit court of Madison County is vacated and remanded with instructions where the defendant was denied the right to be present at the hearing on his petition for treatment plan review, discharge, or conditional release, and where the trial court failed to order an independent evaluation of the defendant.

¶ 2    The defendant, Agganis Haynes, appeals the trial court's denial of his petition for treatment plan review, discharge, or conditional release pursuant to the Unified Code of Corrections (Code) (730 ILCS 5/5-2-4 (West 2020)).

1

¶ 3                                    I. BACKGROUND

¶ 4    The defendant was charged via information with attempted first degree murder on April 29, 2002. On July 26, 2002, the trial court ordered that the defendant be evaluated to determine his fitness to stand trial. On August 7, 2002, the defendant was found unfit to stand trial. On May 28, 2003, the defendant was subsequently found fit to stand trial; however, based on the evidence, the court found him not guilty of attempted murder by reason of insanity and remanded him to the Illinois Department of Human Services (DHS). On September 9, 2021, the defendant filed a petition for transfer to a nonsecure setting, conditional release, or discharge pursuant to the Code (*id.* § 5-2-4(e)). The petition additionally sought an order appointing an impartial psychiatric or psychological examination of the defendant pursuant to section 5-2-4(f) of the Code (*id.* § 5-2-4(f)).

¶ 5    On October 27, 2021, following a hearing,[1] the trial court entered the following written order:

> "Cause called for hearing on Defendant's petition to transfer to a nonsecure setting, discharge or conditional release. State present by ASA, Lauren Maricle. Defendant present by Public Defender, Mary Copeland. The parties stipulate to the report prepared by DHS. The Court finds, based upon the report and the evidence that the Defendant is still in need of inpatient treatment. The petition for transfer is hereby denied."

The defendant timely appeals.

---

[1]There is no transcript of this hearing in the record; however, the record does establish that the defendant was not present.

¶ 6                                    II. ANALYSIS

¶ 7     At the outset, we deny the State's motion for summary affirmance.

> "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

The State claims that the record here is insufficient where the defendant failed to provide the relevant report of proceedings, bystander's report, or agreed statement of facts. We disagree and find that the record is sufficient to consider the defendant's claims.

¶ 8     On appeal, the defendant raises three issues. First, that he was denied his statutory right to be present at the hearing on his petition. Second, that he was denied his statutory right to an impartial examination. Lastly, that he was denied effective assistance of counsel where counsel failed to prevent the violation of his statutory rights. Based on the following, we find the first two issues dispositive and will therefore not address the defendant's claim of ineffective assistance of counsel.

¶ 9     The State argues that the defendant is estopped from raising claims that his statutory rights were violated under the doctrine of invited error. "The rule of invited error or acquiescence is a procedural default sometimes described as estoppel." *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). Defendant cannot complain of an error which defendant induced the court to make or to which defendant consented. *Id.*

¶ 10    Here, the State contends that the defendant waived his statutory rights to be present and have an independent evaluation through his trial counsel. We disagree. The record does

not establish that the defendant waived his right to be present, and we will not assume there was a valid waiver of the defendant's statutory rights. The State points to the fact that the order denying the defendant's petition was drafted by defense counsel, but this alone is not sufficient to constitute waiver. Therefore, the defendant is not estopped from raising these issues.

¶ 11    Under the Code:

> "(e) A defendant admitted pursuant to this Section, or any person on his behalf, may file a petition for treatment plan review or discharge or conditional release under the standards of this Section in the Court which rendered the verdict. Upon receipt of a petition for treatment plan review or discharge or conditional release, the Court shall set a hearing to be held within 120 days. Thereafter, no new petition may be filed for 180 days without leave of the Court.

> (f) The Court shall direct that notice of the time and place of the hearing be served upon the defendant, the facility director, the State's Attorney, and the defendant's attorney. If requested by either the State or the defense or if the Court feels it is appropriate, an impartial examination of the defendant by a psychiatrist or clinical psychologist as defined in Section 1-103 of the Mental Health and Developmental Disabilities Code who is not in the employ of the Department of Human Services shall be ordered, and the report considered at the time of the hearing." 730 ILCS 5/5-2-4(e), (f) (West 2022).

¶ 12    Additionally, the Mental Health and Developmental Disabilities Code (Mental Health Code) prescribes a defendant's right to be present for an involuntary admission hearing.

> "(a) The respondent shall be present at any hearing held under this Act unless his attorney waives his right to be present and the court is satisfied by a clear showing that the respondent's attendance would subject him to substantial risk of serious physical or emotional harm.
> (b) The court shall make reasonable accommodation of any request by the recipient's attorney concerning the location of the hearing. If the recipient's attorney advises the court that the recipient refuses to attend, the hearing may proceed in his or her absence.

4

(c) No inference may be drawn from the recipient's non-attendance pursuant to either subsection (a) or (b) of this Section." 405 ILCS 5/3-806 (West 2022).

¶ 13    There are two exceptions where a defendant loses the right to be present under the Mental Health Code: (1) defendant's counsel waives his or her presence, and there is a clear showing to the trial court that the respondent's presence would subject him or her to a "substantial risk of serious physical or emotional harm"; or (2) respondent's attorney informs the court that respondent refuses to attend the hearing. See *In re Christine R.*, 2019 IL App (3d) 180264, ¶ 19.

¶ 14    Here, neither of the two exceptions appear in the record where there is no clear showing that the defendant's presence at the hearing would have subjected him to a substantial risk of harm and where the defendant's counsel never informed the court that the defendant refused to go to the hearing. The record establishes that the defendant was not present for the hearing on his petition as prescribed in both the Code and the Mental Health Code through incorporation. The State would like this court to take judicial notice that this hearing occurred during the COVID-19 pandemic; however, this fact does not strip the defendant of his statutory right to appear, for example, via Zoom.

¶ 15    Next, the record demonstrates that the trial court failed to rule on the defendant's request for an independent evaluation. Under the Code provisions, the defendant was entitled to an independent evaluation, but none was ever ordered by the trial court.

¶ 16                                    III. CONCLUSION

¶ 17    We vacate the trial court's order denying the defendant's petition and remand with instructions that the trial court hold a hearing consistent with this order.

¶ 18    Vacated and remanded with instructions.